UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>ALEJANDRA BUSTILLOS (1),<br><br>          Defendant. | Case No.: 18CR3980WQH<br><br>**ORDER** |

HAYES, Judge,

The matter before the Court is the motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 228) filed by the Defendant.

**FACTS**

On December 11, 2019, this Court entered Judgment committing Defendant to the custody of the Bureau of Prisons for 160 months on Count 1 conspiracy to distribute methamphetamine in violation of 18 U.S.C. § 841(a)(1) and 846; and 160 months on Count 2 possession with intent to distribute methamphetamine in violation of 18 U.S.C. §841(a)(1), with counts to run concurrently.  Defendant has served approximately 48 months of her sentence and is scheduled to be released on September 17, 2029.  Defendant is currently incarcerated at FCI Dublin.

On June 9, 2022, Defendant filed a motion for release under 18 U.S.C. §3582(c)(1)(A) requesting that this Court reduce her sentence. Defendant asserts that her sentence was excessive under *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021) and that and an unspecified medical condition supports her compassionate release.

Plaintiff United States asserts that Defendant does not meet the threshold requirement of having extraordinary and compelling reasons required under 18 U.S.C. § 3582(c)(1)(A). The Government asserts that the sentence imposed in this case was well below the sentencing guideline range, and that Defendant was not safety valve eligible. The Government further contends that Defendant cannot challenge the lawfulness of her sentence by filing a motion for compassionate release and avoiding the restrictions of post-conviction relief statutes.

## RULING OF THE COURT

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 825-26 (2010). However, a narrow exception in § 3582(c)(1)(A) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction;
> …
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).[1]

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1. "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). These guideline provisions are not a limitation on the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant admitted in the factual basis of her plea agreement that she provided methamphetamine to others for distribution. Defendant admitted that she

---

[1] The Government agrees that Defendant has exhausted her administrative remedies with respect to her challenge that the sentence is excessive.

possessed 11.4 kilograms of actual methamphetamine with the intent to distribute it to others.  Defendant admitted that agents found a loaded revolver under her pillow and an unloaded 12 gauge shotgun in a trunk at the foot of her bed. (ECF No. 108 at 4-5).

The presentence report concluded that the total offense level was 42, including a three level enhancement for an aggravating role because Defendant was determined to be the source of supply for other members in her network regarding the receipt and delivery of narcotics.  The Criminal History Category was VI, including a prior sentence of 77 months for distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  The resulting sentencing guideline range was 360 to life.

At the sentencing hearing, the Court found the total offense level was 35, the criminal history level was VI and the resulting guideline range was 292-365 months.  The Government requested that the Court impose a sentence of 180 months.  Defendant requested that the Court impose the mandatory minimum sentence of 120 months.  The Court concluded that the 160 months sentence was an appropriate sentence to satisfy the sentencing factors under 18 U.S.C. §3553(a).  The Court concluded that this was not a 120 month case in light of Defendant's history and in light of the prior offenses.

Defendant checked a box on her form motion for sentence reduction indicating that she has a "serious physical or medical condition" but does not identify any physical or medical condition that would support a sentence reduction under § 3582(c)(1)(A). (ECF No. 228 at4).  Defendant did not raise any medical issue with the Warden to exhaust the administrative exhaustion requirement.  (ECF No. 228-1 at 5) ("[Y]our request for compassionate release is based solely on your belief that you were sentenced excessively…").

Defendant asserts that her sentence is excessive in light of *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021) in which the Court of Appeals interpreted the safety valve factors in 18 U.S.C. § 3553(f)(1) as conjunctive requirements.  Defendant asserts that applying *Lopez*, she would receive a lower sentence because she would be eligible for safety valve and not subject to the mandatory minimum 120 month sentence.  The

Government contends that Defendant would not be eligible for safety valve under §3553(f)(2) because she possessed a loaded handgun under her pillow and an unloaded shotgun at the foot of her bed in the immediate vicinity of the 11.4 kilograms of methamphetamine under her bed. The Government further asserts that the guideline range in this case was 292-365 months and the Court imposed a sentence of 160 months, well above the 120-month mandatory minimum. The Government asserts that the Court found that the 160 months sentence was the minimum sentence to satisfy the §3553(a) factors and that the §3553(a) factors continue to support the sentence imposed.

The safety-valve provision allows a district court to sentence a criminal defendant below the mandatory-minimum sentence for particular drug offenses if a defendant meets the following five subsections in § 3553(f):

> (1) the defendant does not have—
>> (A) more than 4 criminal history points ...;
>> (B) a prior 3-point offense ...; and
>> (C) a prior 2-point violent offense ...;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon ... in connection with the [instant drug] offense;
>
> (3) the [instant drug] offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the [instant drug] offense ... and was not engaged in a continuing criminal enterprise ...; and
>
> (5) [before] the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the [instant drug] offense ....

18 U.S.C. § 3553(f)(1)–(5). In *Lopez*, the Court of Appeals concluded that "Section 3553(f)(1) is conjunctive negative proof." 998 F.3d at 436. In this case, whether or not

Defendant's aggravated criminal history would disqualify her from safety valve under §3553(f)(1), Defendant remains ineligible for safety valve under §3553(f)(2). Defendant admitted in the factual basis of her plea agreement that "[a]gents . . . found two duffel bags containing methamphetamine under defendant's bed. . . the duffel bags contained 11.4 kilograms of actual methamphetamine [and] agents found a loaded .38 revolver under defendant's pillow and an unloaded 12 gauge shotgun in a trunk at the foot of her bed." (ECF No. 108 at 5). Defendant remains ineligible for safety valve after the ruling in *Lopez*.

Even assuming that Defendant could have satisfied all of the requirements of safety valve, the Court found that the 160 month sentence imposed was the minimum sentence to satisfy the §3553(a) factors. Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(A)-(D). The Court must also consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id*. These factors weigh against reducing the Defendant's sentence in light of the Defendant's prior criminal history and the seriousness of the offenses. The need for the sentence "to protect the public from further crimes of the defendant" and "to reflect the seriousness of the offense" under 18 U.S.C. §3553(a) continues to support the sentence imposed. The Court finds that the application of the § 3553(a) factors weigh against reducing Defendant's sentence and finds that compelling reasons do not warrant a reduction under § 3582(c)(1)(A).

IT IS HEREBY ORDERED that the motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 228) is denied.

Dated: July 12, 2022

*[Signature: William Q. Hayes]*

Hon. William Q. Hayes
United States District Court